■ ELWOOD BARRINGER, Individually and as Administrator of the Estate of CORNELIA BARRINGER, Deceased, Appellant-Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent-Appellant.—Order, Supreme Court, Bronx County, entered May 1, 1978, denying cross motions for summary judgment, modified, on the law, to grant defendant's motion for summary judgment dismissing the complaint, and otherwise affirmed, with costs. Cornelia Barringer died as a result of injuries sustained in an accident between a car operated by her and a 1972 Javelin automobile owned and operated by defendant's assured, Rocco Sica. The Javelin was covered by an automobile liability insurance policy providing coverage of $10,000/$20,000. A 1971 Chevrolet automobile also owned by Sica was covered by a separate automobile liability insurance policy issued by the defendant affording coverage of $50,000/$100,000. An action for wrongful death and conscious pain and suffering resulted in a judgment against Sica in the total sum of $68,185.06, plus costs and disbursements. The defendant tendered $10,000 representing the full amount of its policy covering the automobile involved in the accident, plus $605 for costs and disbursements. The tender was refused. This action was then brought pursuant to section 167 (subd 1, par [b]; subd 7, par [a]) of the Insurance Law against the defendant to recover the unsatisfied judgment rendered against the assured. Motions for summary judgment by both parties were denied at Special Term in an opinion concluding that factual issues were presented. On this appeal both parties agree that the issue is solely one of law, which, briefly stated, is

whether the automobile liability insurance policy covering the 1971 Chevrolet automobile also covered Sica personally and thereafter acted as secondary and/or excess coverage applicable to this accident. We are satisfied that it did not cover Sica personally and is not coverage applicable to the accident and, accordingly, modify the order below to enter summary judgment dismissing the complaint in favor of the defendant. It is immediately apparent that the provisions of the policy in question, with exceptions not here pertinent, provide coverage only for damages arising out of an accident involving the specific "owned motor vehicle." We think it clear that the controlling statutory provisions as well as the regulations of the Superintendent of Insurance explicitly sanction precisely this limitation. Subdivision (b) of section 345 of the Vehicle and Traffic Law states: "Such owner's policy of liability insurance (1) Shall designate by explicit description or by appropriate reference, all motor vehicles with respect to which coverage is thereby intended to be granted." (See, also, Vehicle and Traffic Law, § 311, subd 4, par [a]; 11 NYCRR 60.1 [a].) Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Lupiano, JJ.